**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD TRAUTVETTER, | ) | CASE NO. ED CV 11-01699 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

       Plaintiff has a bad back, and can no longer work as a mason. The Administrative Law Judge found, however, that Plaintiff can perform other work that is less physically strenuous. Plaintiff challenges this determination on the basis that the Administrative Law Judge improperly discredited the third party statement of Plaintiff's mother, as well as improperly discrediting Plaintiff himself.

       There is no doubt that Plaintiff has a back injury that reasonably could lead to pain; thus, the teaching of *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*) applies — that, if the Administrative Law Judge does not believe Plaintiff's assertions as to the extent of his pain, he must provide specific and legitimate reasons for his disbelief. Back pain, of course, is one of those idiosyncratic phenomena that cannot be measured objectively, and as to which individuals may differ in their tolerances.

Plaintiff had testified, and had submitted a written statement, indicating that at times his back pain was debilitating, preventing him from doing much of anything when his back "went out." The Administrative Law Judge essentially said that the medical evidence did not support this level of pain, and that conservative treatment belied it. The Administrative Law Judge also downplayed the evidence provided by Plaintiff's mother.

Plaintiff's mother had submitted a response to a Social Security questionnaire, in which she documented that Plaintiff had serious consequences from his back pain. She indicated that he could not stand long or walk far, that he needed frequent rest, that he could not sit for long, and that he could take out the trash, but only if he was having a good day with his back, and that he could go to the store with her. [AR 144-51] These obviously are serious limitations, and a person with these limitations could not work, according to the vocational expert. [AR 57]

Lay testimony is competent evidence; it must be considered; if the Administrative Law Judge disregards it, he must provide reasons germane to each witness for doing so; failure to properly consider lay testimony requires a remand unless the Court can say confidently that the decision would have been the same even if the testimony had been credited. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006). Implicit within this teaching is the fact that the reasons must not only pertain to the witness — be "germane" — they also must be appropriate. Thus, in *Greger v. Barnhart*, 464 F.3d 968 (9th Cir. 2006), the Court found that the reasons were appropriate where the lay testimony conflicted with the claimant's presentation to his physician, and with the claimant's failure to participate in rehabilitation; these facts, together with the fact that the lay witness had a close relationship and might have been motivated to help the claimant, justified the Administrative Law Judge in disregarding the lay testimony.

Here, however, there were no inconsistencies between Plaintiff and his mother, and thus one is left only with the fact that the lay witness was in fact Plaintiff's mother. But this fact alone cannot justify discrediting the lay witness; to do so would mean that almost no lay witness could provide evidence, because most often those with evidence

necessarily are those who have a close relationship with the claimant. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009).

It is, of course, permissible to discredit the lay testimony if it conflicts with the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001). The cases which establish this proposition, however, have referred to the underlying medical evidence, such as medical records documenting the lack of a medication's side effects. *Lewis, supra.* They also have referred to the inappropriateness of a lay person's in effect making a medical diagnosis, which a lay person by definition is not able to do. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). But that is not what happened here. The conflict was not with a diagnosis, and it was not with the underlying medical evidence, but rather with the opinion of the medical advisor who had not examined Plaintiff; on the basis of his review of the records, he opined that Plaintiff could perform in ways that contradicted Plaintiff's mother's observations. Thus, the medical advisor simply gave his opinion as to how much Plaintiff's pain should have limited Plaintiff, and that is tantamount to saying that Plaintiff is not to be believed about the level of his pain, and that his mother, who observed Plaintiff, also is not to be believed as to her observations. This analysis circles back, therefore, to a conflict with the rationale of *Bunnell* — that review of a medical record cannot itself tell someone how much pain affects a person.

The Administrative Law Judge additionally said that Plaintiff was not to be believed, to the extent that his testimony indicated an impairment greater than that found by the residual functional capacity, because Plaintiff had undergone only conservative treatment. Conservative treatment can be a basis for disbelief of the extent of claimed pain, *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995), but branding treatment as conservative does not make it so, and does not mean that the pain was not inhibiting Plaintiff in the way that Plaintiff described. Thus, the Administrative Law Judge referenced a period in 2008 and 2009 during which Plaintiff complained of back pain notwithstanding that he was being treated with medication. In this sense, medication may have been "conservative," but pain persisted. At one point, the medication improved the

situation, and the Administrative Law Judge refers to this report of February 10, 2010 [AR 21, citing AR 385], but not only was this report more than a year later, there also are subsequent references to further pain [e.g. AR 382-83], so it is clear that the medication did not resolve the issue. It seems clear that Plaintiff continued to have pain *and* continued to be medicated; there is no indication that any medical professional suggested any less "conservative" treatment, or proposed that a more radical treatment would eliminate the pain. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1998) ("Particularly because none of the many physicians Regennitter has seen has suggested effective treatment for his pain, the amount of medical treatment Regennitter has received is not necessarily inconsistent with his complaints.")

Under the circumstances, then, the justifications provided by the Administrative Law Judge for disbelieving Plaintiff as to the extent of his pain, and disbelieving Plaintiff's mother's observations, are not sufficient. Therefore, the matter is remanded to the Commissioner for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: July 23, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE